IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MARTHA WYNN,<br>    Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC. and CAPITAL ONE AUTO FINANCE,<br>    Defendants. | Case No. 1:18-cv-01147-JES-JEH |

**Report and Recommendation**

*Pro se* Plaintiff Martha Wynn filed her Complaint on April 9, 2018. The Plaintiff actively participated in the earlier stages of this case. However, following Defendant Experian Information Solutions, Inc.'s dismissal and the denial of Defendant Capital One Auto Finance's motion to dismiss, this case came to a standstill while the parties and Court awaited the Plaintiff's attainment of counsel. On January 2, 2019, prompted by Defendant Capital One's motion for extension of time to complete discovery, the Court held a telephone hearing. At that hearing, the Plaintiff indicated that she was in the process of obtaining counsel. Accordingly, the Court granted the motion for extension of time to complete discovery to the extent discovery was stayed for 30 days to allow Plaintiff time to obtain counsel. A further status conference was set for March 8, 2019.

On March 8, 2019, the Plaintiff first represented that she sought to voluntarily dismiss her case, and then she requested a further extension of time to seek counsel. A discussion was held as to whether the Plaintiff sought to dismiss her case with or without prejudice. Ultimately, the Court explained the Plaintiff

would be provided one final extension of time to find counsel. By March 22, 2019, the Plaintiff was to have counsel enter an appearance on her behalf, file a status report, or file a motion to voluntarily dismiss the case. Discovery remained stayed at that time. On March 22, 2019, the Plaintiff filed a status report in which she stated she decided to proceed with her case *pro se*, as of that date she had answered Defendant's First Set of Interrogatories, and she asked the Court to proceed with the case. Later, a status conference was set for June 7, 2019 to reset the discovery schedule.

On June 7, 2019, the Court was unable to reach the Plaintiff for the scheduled telephonic status conference. The Court ordered that in light of the Plaintiff's March 22, 2019 status report, the parties were directed to confer and file a joint proposed discovery plan on or before June 21, 2019. On June 21, 2019, Defendant Capital One filed a status report in which it stated it served written discovery requests, including interrogatories and requests for production, on October 3, 2018 and had still not received the Plaintiff's answers. Defendant Capital One further represented that on April 15, 2019, Capital One's counsel emailed the Plaintiff and inquired as to the status of the latter's discovery responses, but counsel never received a response to that email. Capital One proceeded to explain that its counsel's attempts to contact the Plaintiff on May 7, June 14, and June 20, 2019 were unsuccessful as counsel did not receive any responses from her. Counsel stated that the Plaintiff had not communicated with Capital One since the March 8, 2019 status hearing. The Defendant explained that because it was unable to contact the Plaintiff in advance of the June 21, 2019 deadline for the parties to submit a joint proposed discovery plan, it submitted its June 21st status report instead.

On June 25, 2019, the Court entered a Text Order in which it explained Defendant Capital One's June 21st status report was reviewed and accordingly

ordered the Plaintiff to show cause by July 12, 2019 why this case should not be dismissed for lack of prosecution. The Plaintiff did not do so and has filed nothing in this case since March 22, 2019.

The Court therefore recommends that the Plaintiff's case be dismissed without prejudice for failure to prosecute and for failure to comply with a Court order pursuant to Federal Rule of Civil Procedure 41(b). The Seventh Circuit Court of Appeals has emphasized that dismissal for failure to prosecute is a harsh penalty. *Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000). It has also "repeatedly emphasized the general rule that explicit warning must be given to a [plaintiff] prior to dismissal." *Fed. Election Comm'n v. Al Salvi for Senate Comm.*, 205 F.3d 1015, 1018-19 (7th Cir. 2000). Here, the Plaintiff has been unavailable to both the Court and opposing counsel since essentially March 22, 2019. The Plaintiff was also expressly directed via the June 25, 2019 Text Order she was to show cause why this case should not be dismissed for lack of prosecution and was thus given express warning that her case was at risk of dismissal.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk within fourteen (14) days after service of this Report and Recommendation. FED. R. CIV. P. 72(b)(2); 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

*It is so recommended*.

Entered on July 22, 2019.

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE